**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

**UNITED STATES OF AMERICA,**

Plaintiff,

v. Case No. 4:26-cr-00004-JFH-1

**SASHA JAMECE PHILLIPS,**

Defendant.

**MEMORANDUM OPINION AND ORDER SUSTAINING THE UNITED STATES' OBJECTION TO THE PRESENTENCE REPORT [Doc. 49]**

**THIS MATTER** comes before the Court upon the United States' Objection to the Pre-Sentence Report (PSR). **[Doc. 49]**. The Defendant pled guilty to one count of eluding a law enforcement officer while endangering others in Indian Country, an offense proscribed by Oklahoma statute and made punishable under federal law pursuant to the Indian Country Crimes Act and the Assimilative Crimes Act (ACA). 18 U.S.C. §§ 1151, 1152, and 13; 21 O.S. § 540A(A), (B). **[Docs. 1, 25]**. There is no federal statute for eluding law enforcement while endangering others. The United States Probation Office therefore recommended applying the United States Sentencing Guidelines § 2A2.4, which applies to offenses involving obstructing or impeding officers. **PSR ¶ 13.** The Court, being fully apprised of the relevant law, the parties' submissions, and the record, SUSTAINS the United States' objection to the PSR's application of U.S.S.G. § 2A2.4.

**RELEVANT LAW**

The ACA, 18 U.S.C. § 13, incorporates state criminal law to fill gaps in the federal criminal law governing conduct committed on federal land, including Indian Country. When conduct occurring within federal jurisdiction is not punishable under federal statute but would be

punishable under the laws of the State in which the place is situated, the ACA generally provides that the individual shall be guilty of a "like offense" and subject to a "like punishment" under federal law. 18 U.S.C. § 13; *United States v. Chapman*, 839 F.3d 1232, 1240–41 (10th Cir. 2016).

Where there is no federal statute — and therefore no federal sentencing guideline — on point, U.S.S.G. § 2X5.1 directs the Court to apply the most analogous guideline, if one exists. To determine whether a guideline is sufficiently analogous, the Tenth Circuit adopts an elements-based approach. The Court "generally compare[s] the elements of the defendant's crime to the elements of federal offenses already covered by specific Guidelines sections to ascertain which plausible analogies exist for sentencing." *United States v. Rakes*, 510 F.3d 1280, 1288 (10th Cir. 2007). The Court does not, by contrast, compare the factual circumstances of the instant offense. Consequently, the Court does not consider any case-specific enhancements, adjustments, or specific offense characteristics in making this determination. *United States v. Clark*, 981 F.3d 1154, 1162 (10th Cir. 2020).

This purely legal inquiry is conducted "in a flexible and open-ended fashion," and it is to be expected that the elements of an analogous statute will not be identical to the elements of the assimilated offense. *Id.* at 1163 (quoting *United States v. Jackson*, 862 F.3d 365, 375 (3d Cir. 2017)); *United States v. Smith*, 178 F.4th 572, 580 (10th Cir. 2026). Instead, "the proffered guideline need only be within the same proverbial ballpark as the offense of conviction." *Clark*, 981 F.3d at 1163 (quoting *Jackson*, 862 F.3d at 375) (quotations omitted). In guiding the Court's inquiry, the Tenth Circuit has instructed that the following factors may be considered: the type of injury, the means of committing each crime, whether the statute requires an act of commission or omission, and whether the crimes are intentional in nature. *Smith*, 178 F.4th at 581.

**APPLICATION**

The parties agree that U.S.S.G. § 2A2.4, which applies to offenses involving obstructing or impeding officers, provides the only plausible analogue to the offense of conviction. They disagree, however, whether § 2A2.4 is sufficiently analogous to 21 O.S. § 540A(A) and (B) to govern the Defendant's sentence. The Defendant contends that it is. The United States disagrees, reasoning that although § 2A2.4 addresses conduct that obstructs or impedes law enforcement, it does not account for the danger to others inherent in the Oklahoma offense. **Doc. 49 at 2–3**.

To determine whether § 2A2.4 is sufficiently analogous, the Court begins with the elements of the offense of conviction. Section 540(A) and (B) criminalizes eluding or attempting to elude a peace officer under specified circumstances. As relevant here, the offense requires proof of the following elements:

> First, a driver of a motor vehicle;
>
> Second, received a red light and siren from a peace officer;
>
> Third, showing the officer's vehicle to be an official police/sheriff/highway patrol vehicle and directing the driver to bring her vehicle to a stop;
>
> Fourth, willfully eluded the officer or attempted to elude the officer by increasing her speed or extinguishing her lights in any manner); and,
>
> Fifth, while eluding or attempting to elude the officer;
>
> Sixth, the driver endangered another person OR the driver caused an accident and
>
> Seventh, that resulted in great bodily injury to another person.

Oklahoma Uniform Jury Instructions (2d ed.) CR 6-30.

In support of its position, the United States identifies three offenses covered by guideline § 2A2.4 that, in its view, illustrate the differences between the guideline and the offense of conviction: 18 U.S.C. § 1752(a)(1)–(4), § 2237(a)(1), (a)(2)(A), and § 3056(d). **Doc. 49 at 2.** Broadly speaking, these statutes prohibit obstructive conduct in restricted buildings or grounds, resisting or interfering with law enforcement aboard a vessel, and interfering with federal law enforcement performing Secret Service protective functions. *See* 18 U.S.C. § 1752(a)(1)–(4); § 2237(a)(1), (a)(2)(A); § 3056(d).

Other offenses covered by § 2A2.4 likewise stray far afield, including offenses involving interference with process servers, extradition agents, and wildfire-response efforts. 18 U.S.C. § 1501; § 1502; 18 U.S.C. § 40A. Among other distinctions, these offenses do not similarly require flight by motor vehicle. But the existence of offenses covered by § 2A2.4 that bear little resemblance to the offense of conviction does not resolve whether § 2A2.4 supplies a sufficiently analogous guideline. The Court instead focuses its inquiry on the federal offense covered by § 2A2.4 that most closely resembles the offense of conviction.

18 U.S.C. § 758 is the federal offense covered by § 2A2.4 that most closely resembles O.S. § 540A. That statute, which proscribes high speed flight from an immigration checkpoint or other federal law enforcement agency, includes the following elements:

> First, That the defendant fled/evaded a checkpoint operated by the immigration and naturalization service or any federal law enforcement agency in a motor vehicle; and
>
> Second, That the defendant fled from federal/state/local law enforcement agents above the legal speed limit.

Fifth Circuit Pattern Crim. Jury Instr. (2024), 2.35A.

Section 758 bears meaningful similarities to the offense of conviction. Both criminalize obstruction of law enforcement through high-speed flight. *Smith*, 178 F.4th at 581. The offenses thus overlap in both the means of commission and the nature of the injury: each involves flight by motor vehicle directed at evading law enforcement.

Nonetheless, comparison of the elements of 21 O.S. § 540(A), (B) and 18 U.S.C. § 758 reveals significant differences. Most significantly, § 540A requires that the defendant either create a danger to another person or cause an accident resulting in "great bodily injury" to another person. Section 758 contains no comparable requirement. A defendant, for example, could violate § 758 by fleeing an immigration checkpoint at high speed along an isolated stretch of road where no other motorists or pedestrians are present. Such conduct would satisfy § 758 without necessarily endangering another person.

The distinction, however, is less substantial in practice than it first appears. High-speed flight from law enforcement will often endanger others. The Sentencing Commission recognized as much in the commentary to § 2A2.4, explaining that "an offense under 18 U.S.C. § 758 for fleeing or evading a law enforcement checkpoint at high speed will often, but not always, involve the creation of [a] risk" of "death or serious bodily injury." Application Note 2, § 2A2.4. The commentary thus recognizes that the conduct underlying § 758 frequently entails the very danger to others that § 540A makes an element of the offense.

But the practical overlap between the offenses does not resolve the question before the Court. The Tenth Circuit's elements-based approach directs courts to compare the elements of the state offense with the federal guideline offense, rather than the particular facts underlying the defendant's conduct. Section 2A2.4 does not make reckless endangerment an element or

prerequisite of the base offense level. Rather, the Guidelines account for such conduct separately through the specific enhancement in § 3C1.2 (instructing that two levels be added to the base offense level "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer"). The Sentencing Commission's decision to treat reckless endangerment as a separate enhancement confirms that it is not part of the offense definition embodied in § 2A2.4. Accordingly, conduct that might support a § 3C1.2 enhancement does not eliminate the elemental distinction between § 540A and the offenses encompassed by § 2A2.4.

Because the closest available federal analogue, § 2A2.4, differs materially from § 540A in its elements, the Court concludes that it is not sufficiently analogous to the offense of conviction. The Court therefore SUSTAINS the United States' objection to PSR ¶ 13 and concludes that no sufficiently analogous guideline applies. Having sustained the United States' objection, the Defendant's guideline range becomes 12 to 60 months. 21 O.S. § 540A(B) (2026).

**SO ORDERED.**

_/s/ William P. Johnson______________
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE